IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN ADAMS,

    Petitioner,               No. CIV S-08-0688 LKK GGH P

    vs.

D.K. SISTO, et al.,

    Respondents.          ORDER

_____/

    Petitioner, a state prisoner proceeding with counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges the Governor's reversal of a parole suitability determination made by the Board of Parole Hearings. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On May 23, 2008, respondent filed a request to stay this action pending decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008).[1] Petitioner filed an opposition to this request on May 29, 2008. On October 30,

---

[1] The grant of en banc review was on May 16, 2008. Oral argument was heard on June 24, 2008. Several rounds of supplemental briefing have been ordered, the most recent of which was completed on October 29, 2008.

1

2008, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within twenty days. Neither party has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, the court has conducted a de novo review of this case.

One of the issues the Ninth Circuit panel considered in Hayward was the parole board's consideration of factors such as the circumstances of a crime in predicting a prisoner's suitability for parole and potential dangerousness upon release. Ninth Circuit treatment of these factors has differed. Compare Hayward, 512 F.3d 536, with Sass v. Cal. Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006), Irons v. Carey 505 F.3d 846 (9th Cir. 2007). In light of the applicability of this issue to this case, respondent proposed staying this case pending the en banc panel's decision in Hayward.

Although staying the present case would likely improve judicial economy, the Ninth Circuit has held that habeas proceedings "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." INS v. Yong, 208 F.3d 1116, 1120 (9th Cir. 2000). "A long stay . . . threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." Id. In Yong, faced with a stay similar to the one proposed here, the Ninth Circuit reversed the district court's decision to indefinitely stay a habeas proceeding pending resolution of separate Ninth Circuit case considering related issues.

The Magistrate Judge in this case concluded that Yong was distinguishable, because Hayward will potentially clarify which of the arguably conflicting approaches articulated by the Ninth Circuit governs this case, whereas in Yong, such intra-circuit tension was absent. However, this factor cannot justify a stay. Yong recognized that the district court "was faced with a number of petitions in an evolving area of law and knew that, however it ruled, it might be

required to revisit its decision if its reasoning did not comport with our ruling," but nonetheless held this fact could not justify an indefinite stay. Id. at 1120-21. See also Guardado v. Davis, No. 08-3268, 2009 U.S. Dist. LEXIS 10059 (N.D. Cal. Feb. 3, 2009) (denying request for stay pending en banc decision in Hayward).

The court appreciates the irony of taking nine months to determine that a delay is unwarranted. However, this unfortunate circumstance does not warrant further delay in this case. Accordingly, the request for a stay (Doc. No. 9) pending issuance of the mandate in Hayward is DENIED.

IT IS SO ORDERED.

DATED: March 16, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT