IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN ADAMS,

           Petitioner,

        vs.

D. K. SISTO, Warden, California State
Prison, Solano,

          Respondent.

No. 2:08-cv-00688-JKS

MEMORANDUM DECISION
and
ORDER [Re:  Motion at Docket No. 20]

     Steven Adams, a state prisoner appearing through counsel, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254.  Adams is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano. Respondent has answered, and Adams has replied.  In his Petition Adams also requests discovery.  At Docket No. 20 Adams filed a request that this Court set a briefing schedule to address the recent decision of the Supreme Court in *Swarthout v. Cooke*.[1]

## I.  BACKGROUND PRIOR PROCEEDINGS

     Following a jury trial, Adams was convicted in October 1986 in the Siskiyou County Superior Court of Murder in the Second Degree (Cal. Penal Code § 187), with a use of firearm enhancement (Cal. Penal Code § 12202.5).  The trial court sentenced Adams to an indeterminate prison term of 17 years to life.  Adams does not challenge his conviction or sentence in this proceeding.

---

   [1] 131 S. Ct. 859 (2011) (per curiam).

In May 2006 Adams made his sixth appearance before the Board of Parole Hearings ("Board"), which found him suitable for parole.  In October 2006 the Governor reversed the decision of the Board.  Adams filed a petition for habeas relief in Siskiyou County Superior Court, which denied his petition in a reasoned decision.  The California Court of Appeal summarily denied Adams's petition for relief without opinion or citation to authority, and the California Supreme Court took similar action on February 13, 2008.  Adams, appearing through counsel, timely filed his Petition in this Court on March 31, 2008.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Adams raises four enumerated grounds: (1) the Governor's decision is unsupport by any evidence; (2) there is no nexus between the reasons stated by the Governor and public safety; (3) denial of parole based upon the unchanging factors of the crime violates due process; and (4) the change in the law giving the Governor veto power over decisions of the Board violates the *Ex Post Facto* Clause.  Respondent raises no affirmative defense.[2]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[2] *See* Rules Governing Section 2254 Cases in the United States Dist. Courts, Rule 5(b) (2010) [hereinafter Rules—Section 2254 Cases].

proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

time of the relevant state-court decision."[4]  The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

power of the Supreme Court over federal courts.[5]  Thus, where holdings of the Supreme Court

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

be "objectively unreasonable," not just "incorrect or erroneous."[7]  The Supreme Court has made

clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

believing that the state-court determination was incorrect.[8]  "[A]bsent a specific constitutional

violation, federal habeas review of trial error is limited to whether the error 'so infected the trial

---

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412.

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in the original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citations omitted).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

3

with unfairness as to make the resulting conviction a denial of due process.'"[9]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[10]  Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[11]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[12]

---

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[10] *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[12] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

In applying this standard, this Court reviews the last reasoned decision by the state court.[13]  State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[14]  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[15]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[16]  This is considered as the functional equivalent of the appeal process.[17]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption

---

[13] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . ").

[14] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[15] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[16] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[17] *See id.* at 222 ("The upshot is that California's collateral review process functions very much like that of other States . . . .").

5

by clear and convincing evidence.[18]  This presumption applies to state trial courts and appellate

courts alike.[19]

To the extent that Adams raises issues of the proper application of state law, they are

beyond the purview of this Court in a federal habeas proceeding.[20]  A petitioner "may not,

however, transform a state-law issue into a federal one merely by asserting a violation of due

process."[21]  "[The Supreme Court has] long recognized that a mere error of state law is not a

denial of due process."[22]  "[A]bsent a specific constitutional violation, federal habeas corpus

review of trial error is limited to whether the error 'so infected the trial with unfairness as to

make the resulting conviction a denial of due process.'"[23]  Additionally, "Federal courts hold no

supervisory authority over state judicial proceedings and may intervene only to correct wrongs of

constitutional dimension."[24]

_____

[18] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing § 2254(e)(1)).

[19] *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ([Petitioner] does not address these factual findings, let alone challenge them with clear and convincing evidence. Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002))).

[20] *See Cooke*, 131 S. Ct. at 863 (2011) ("The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.").

[21] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[22] *Cooke*, 131 S. Ct. at 863 (internal quotation marks and citations omitted).

[23] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[24] *Smith v. Philips*, 455 U.S. 209, 221 (1982) (citations omitted); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))).

A state court is not required to give reasons before its decision can be deemed to be "adjudicated on the merits."[25]  When there is no reasoned state-court decision denying an issue presented to the state, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[26]  "The presumption may be overcome when there is reason to think that some other explanation for the state court's decision is more likely."[27]  Where the presumption applies, this Court must "perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable."[28]  In conducting this independent review of the record, the Court presumes that the state-court decision rested on federal grounds,[29] giving the presumed decision the same deference as a reasoned decision.[30]  The scope of this review is for clear error of the state-court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams* . . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of

---

[25] *Harrington v. Richter*, 131 S. Ct. 770,  784-85 (2011).

[26] *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

[27] *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

[28] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam)).

[29] *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991) ("The presumption at present applies only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision."); *see also Harris v. Reed*, 489 U.S. 255, 263 (1989).

[30] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[31]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[32]

## IV.  DISCUSSION

### A.   Request for Discovery

Adams has requested discovery of the following:

> 1.  How many parole hearings have been held in California for persons convicted of murder since Proposition 89 took effect?
> 2.  How many grants of parole have been rendered by the parole board for inmates convicted of murder since *Proposition 89* took effect?
> 3.  Has the Governor of California ever not reviewed a grant of parole by the parole board under *Proposition 89*?
> 4.  If the answer to question 3 is yes, specifically state in which cases he has not reviewed a parole grant from the parole board and why?
> 5.  Has the Governor of California ever reviewed a denial of parole by the parole board under *Proposition 89?*
> 6.  If the answer to question 5 is yes, specifically state in which cases the Governor has done so and what actions he took?[33]

Adams made the same discovery request in the state courts.

The rules governing habeas cases provide: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."[34]   As the Advisory Committee on the Rules has noted:  "Discovery may, in

---

[31] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (citation omitted). *But cf. Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) (declining to follow the "independent reading of the record" standard articulated in *Delgado*, (*Delgado II*), 223 F.3d at 982, "where the state court was not silent as to its reasoning " but instead gave reasons for its decision).

[32] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[33] Docket Nos. 1-2, at 34-35.

[34] Rules—Section 2254 Cases, *supra* note 2, Rule 6(a).

appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing."[35]  Because an evidentiary hearing is necessary to consider evidence discovered through discovery, granting discovery in a case in which a petitioner would not be entitled to an evidentiary hearing would be futile.[36]  Not only has Adams not requested an evidentiary hearing, he would not be entitled to one.  Moreover, as discussed further in connection with Adams's fourth ground (*ex post facto* claim) in subpart IV.C., below, the evidence he seeks would not establish that Adams was entitled to relief in any event.

The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[37]  "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."[38]  Indeed, "[i]f the state-court decision 'identifies the correct governing legal principle' in effect at the time, a

---

[35] Rules—Section 2254 Cases, *supra* note 2, Rule 6, Advisory Committee Note (1976 Adoption) (citing *Harris v. Nelson*, 394 U.S. 286, 301 n.7 (1969)).

[36] *See Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011) ("[B]ecause the district court was not authorized to hold an evidentiary hearing on Kemp's deliberate elicitation claim, obtaining discovery on that claim would have been futile."); *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999).

[37] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996).

[38] *Williams*, 529 U.S. at 437 (quoted with approval in *Pinholster*, 131 S. Ct. at 1401); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (noting that the basic structure of federal habeas jurisdiction is designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions); *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing.").

federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'"[39]  As the Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."[40]  Although under *Pinholster* an evidentiary hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2),[41] which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>> (A) the claim relies on—
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Adams's request in this case does not meet that standard.  In this case, Adams did not request an evidentiary hearing in the state courts.  Thus, it cannot be said on the record that the state courts precluded him from developing the factual basis for his claim.[42]  Adams's request for discovery will be denied.

---

[39] *Pinholster*, 131 S. Ct. at 1399 (quoting *Williams*, 529 U.S. at 405).

[40] *Id.*

[41] *Id.* at 1400-01.

[42] *See id.* at 1417 n.5 (Sotomayer, J., dissenting) (assuming that the majority did not intend to preclude an evidentiary hearing when the petitioner's ability to develop the facts was the fault of the state court itself).

**B.      Request for Supplemental Briefing**

At Docket No. 20 Adams has requested supplemental briefing to brief the impact of the Supreme Court decision in *Cooke*, decided after briefing in this case was completed.  This Court must decide the case on the law as it exists at the time this Court renders its decision and, if controlling law changes while the case is pending, this Court applies the law as changed.[43]

Generally, when a higher court issues new controlling authority after briefing is complete, this Court requests further briefing from the parties addressing the new authority.  The Supreme Court decision in *Cooke* is so clear that further briefing would unduly prolong this case without any possibility of changing the result.  The Supreme Court has limited federal habeas review to the procedures followed by the Board and the Governor and defined with care what it meant by the applicable procedures.  Thus, this Court may no longer consider how California courts applied California laws concerning parole standards and procedures set by the state.[44]  Under these circumstances further briefing would not aid the Court in reaching a decision.  Accordingly, Adams's request for a briefing schedule at Docket No. 20 will be denied.

---

[43] *See Thorpe v. Hous. Authority of City of Durham*, 393 U.S. 268, 281-82 (1969); *Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

[44] *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) ("[T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."); *see also Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011); *Miller v. Oregon Bd. of Parole and Post Prison Supervision*, 642 F.3d 711, 716-17 (9th Cir. 2011); *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011).

C.      **Merits**

Ground 1: Insufficiency of the Evidence; Ground 2: Lack of Nexus Between Cited
Factors and Public Safety

Although stated as separate grounds, Adams's first and second ground are essentially the
same, i.e., the evidence is insufficient to support the Governor's action.  The Siskiyou County
Superior Court rejected Adams's arguments, holding:

> A review of the record submitted in support of the petition leads the court to
> conclude that the governor's decision is supported by "some evidence" (the standard
> articulated in *Rosencrantz* (*sic*) and other cases) in support of the governor's belief
> that petitioner's release would pose an unreasonable risk of danger to society.[45]

It is well-established by Supreme Court precedent that there is no constitutional or
inherent right of a convicted person to be conditionally released on parole before expiration of a
sentence.[46]  That a California prisoner has a liberty interest in parole protected by the procedural
safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[47]  Because the
only federal right at issue in this case is procedural, the relevant inquiry is whether Adams
received due process.[48]  The Constitution only requires that a prisoner be allowed an opportunity
to be heard and be provided with a statement of the reasons why his or her parole is denied,
nothing more.[49]  Adams's argument *vis-a-vis* the sufficiency of the evidence is based upon the

---

[45] Docket Nos. 1-3, at 153; 17-1, at 2.

[46] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[47] *Hayward v. Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc), *overruled sub
silentio on another point by Cooke*, 131 S. Ct. 859.

[48] *See Cooke*, 131 S. Ct. at 861.

[49] *Id*. at 862 (citing *Greenholtz*, 442 U.S. at 16).

requirements of California law.[50]  "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[51]  California prisoners are allowed to speak at their parole hearings and to contest the evidence against them.  They are afforded access to their records in advance and are notified of the reasons why parole is denied.  That is all that due process requires.[52]  "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[53]

This Court has considered Adams's other arguments, e.g., the failure of the Siskiyou Superior Court to timely rule on his petition to that court and the failure of the California Courts to specifically address each of his grounds, and finds them to be without merit.  These arguments are either based upon state law or are not cognizable in a federal habeas proceeding.  Adams has failed to establish a wrong of constitutional dimension.  Consequently, he is not entitled to relief under his first or second grounds.

Ground 3:  Reliance on the Commitment Offense

Adams challenges the refusal of the Governor to affirm the Board's decision to grant him parole on the basis that the decision was based primarily, if not wholly, upon the nature of his

---

[50] *See generally In re Lawrence*, 190 P.3d 535 (Cal. 2008) (discussing California's some evidence standard in the context of parole decisions of the Board and the Governor); *In re Shaputis*, 190 P.3d 573 (Cal. 2008) (same).

[51] *Cooke*, 131 S. Ct. at 863.

[52] *Id.* at 862.

[53] *Smith v. Philips*, 455 U.S. 209, 221 (1982) (citations omitted); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))).

commitment offense.  Under California law, "[t]he nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole."[54]  The Ninth Circuit has indicated that although the commitment offense provides some evidence of unsuitability for parole, "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation."[55]  Not only has the Supreme Court never so held, but the decision in *Cooke* makes clear that this is strictly a question of state law, not federal due process.[56]  Adams is not entitled to relief under his third ground.

Ground 4:  *Ex Post Facto* Claim

Adams argues that the 1988 amendment to California Penal Code § 3041.2 adding the provision granting the Governor veto power over decisions of the Board, which became effective after Adams's conviction, violates the *Ex Post Facto* Clause of the Constitution.  The Siskiyou County Superior Court rejected this argument, holding:

> In this case the governor, acting pursuant to Penal Code § 3041.2 (Proposition 89) reversed the decision of the parole authority to grant parole to the petitioner. Citing the U.S. Constitution and the federal case of *Garner* v. *Jones* (2000) 529 U.S. 244, petitioner is urging the court to consider that the application of Proposition 89 here is Ex Post Facto for the reason that [Adams's] crime occurred before its passage. This, however, was not the holding in the California Supreme Court case of *In re*

---

[54] *In re Rosenkrantz*, 59 P.3d 174, 222 (Cal. 2002) (citations omitted).

[55] *Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003).

[56] *Cooke*, 131 S. Ct. at 862 ("Whatever liberty interest exists is, of course, a state interest created by California law.  There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 12 (1979)).

*Rosencrantz* [*sic*] (2002) 29 Ca1.4th 616, which, subsequent to *Garner* v. *Jones,* ruled specifically on the Ex Post Facto issue.[57]

In *Rosenkrantz*, the California Supreme Court rejected an *ex post facto* challenge to the application of the 1988 amendment adding gubernatorial review to § 3041.2, holding:

> Furthermore, article V, section 8(b), did not make any changes in the substantive standard that governs the determination of petitioner's suitability for parole; indeed, article V, section 8(b), explicitly provides that the Governor, in reviewing the parole board's decision, is to apply *the same factors as the Board.* The only change effected by article V, section 8(b), is the institution of an additional level of discretionary review of the Board's decision granting or denying parole, resulting merely in a change in the identity of the entity or official within the executive branch that may make the ultimate decision on parole. Prior to the adoption of article V, section 8(b), the only reasonable expectation that an individual in petitioner's position would have had with regard to punishment was that he or she would receive a sentence of 15 years to life imprisonment and that, after serving the minimum term, he or she would be entitled to have a public official exercise discretion with regard to his or her suitability for parole under then existing standards. Such an individual in petitioner's position had no reasonable expectation regarding the identity of the person or persons who would exercise discretion in evaluating his or her suitability for parole, or that the person or persons who would make such a decision would not change over time. Accordingly, under the ordinary meaning of the controlling language in *Collins,* it appears clear that the application of the procedure set forth in article V, section 8(b), to an individual who committed a criminal offense prior to its enactment does not *increase the punishment* for such crime.[58]

In *Garner*, the Supreme Court made clear that retroactive changes to a state's parole laws may, in some instances, be violative of the *Ex Post Facto* Clause.[59] In order to establish an *ex post facto* violation based on a state's retroactive application of a parole statute, a prisoner must demonstrate that the new statute "creates a significant risk of prolonging [the prisoner's]

---

[57] Docket Nos. 1-3, at 152; 17-1, at 2.

[58] *Rosenkrantz*, 59 P.3d at 193 (emphasis in the original).

[59] *Garner v. Jones*, 529 U.S. 244, 250 (2000) (citing *Lynce v. Mathis*, 519 U.S. 433, 445-46 (1997)).

incarceration."[60]  Where, however, a change in the law that does nothing more than alter the

method of granting parole under identical substantive standards, it does not implicate the *Ex Post*

*Facto Clause*.[61]  Likewise, the Supreme Court has found that there was no *ex post facto* violation

where the new law allowed for higher court review of intermediate court decisions, even though

the petitioner would have been entitled to a final intermediate court decision at the time he

committed his crime.[62]

Ex post facto analysis of a facially neutral parole law requires a case-specific, fact-

intensive analysis regarding the risk posed by the law to the particular prisoner challenging its

application.[63]  The Supreme Court has also noted that the possibility of immediate release is

largely "theoretical" in that in many cases a prisoner's release date comes at least several years

after a finding of suitability.[64]

In this case, Adams was never granted parole under the law as it existed prior to its 1988

amendment.  As the Ninth Circuit noted in rejecting an *ex post facto* challenge to California

---

[60] *Id.* at 251.

[61] *See Cal. Dept. of Corr. v. Morales*, 514 U.S. 499, 507-14 (1995) (holding that a change allowing the Board to increase the time between reviews did not violate the *Ex Post Facto* Clause).

[62] *Mallett v. North Carolina*, 181 U.S. 589, 595-98 (1901); *see Collins v. Youngblood*, 497 U.S. 37, 45-46 (1990) (discussing the differences between changes in procedures by which a criminal case is adjudicated, generally not subject to *ex post facto* limitation, and changes in the substantive law of crimes); *Dobbert v. Florida*, 432 U.S. 282, 292-95 (1977) (holding that a change in state law that gave the trial court and the state's highest court, rather than the jury, the final say on whether the death penalty was to be imposed in a particular case, could be applied retroactively to a defendant who committed his offense prior to the enactment of the new provision, without violating the *Ex Post Facto* Clause).

[63] *See, e.g., Garner*, 529 U.S. at 255 ("[R]espondent must show that as applied to *his own* sentence the law created a significant risk of increasing his punishment." (emphasis added)).

[64] *Morales*, 514 U.S. at 513 (citing *In re Jackson*, 39 Cal.3d 464, 474 (1985)).

16

Penal Code § 3041.2, "because the BPT's parole decision is not final until after the expiration of the thirty-day gubernatorial review period, it cannot be said with certainty that the BPT would have granted [Adams] parole had it possessed the final review authority."[65]  In *Johnson*, the Ninth Circuit, noting that the change was in the procedure to be followed, not the standard to be applied, could not differentiate the change in the law in § 3041.2 from the change in the law in *Mallett*.[66]  *Garner* did not undermine either the rationale or the holding in *Johnson*.[67]

In *Rosenkrantz*, the California Supreme Court considered, extensively analyzed, and applied *Mallett*, *Morales*, *Youngblood*, *Dobbert*, and *Garner* in reaching its decision.[68]  In his petition for habeas relief in the California Supreme Court, Adams argued that the majority in *Rosenkrantz* improperly applied *Garner*.[69]  As noted above, the California Supreme Court summarily denied Adams's petition.  In his Petition to this Court, Adams makes the identical argument that he made in the California courts, i.e., that the *Rosenkrantz* majority erred in its interpretation and application of *Garner*, and that this Court should accept the view of the two dissenting justices in *Rosenkrantz*.[70]

---

[65] *Johnson v. Gomez*, 92 F.3d 964, 967 (9th Cir. 1996).

[66] *Id.*

[67] The California Supreme Court reached the same conclusion in *In re Rosenkrantz*, 59 P.3d 174, 196 (Cal. 2002).

[68] *Rosenkrantz*, 59 P.3d at 194-99 (citations omitted).

[69] Docket No. 17-6, at 32-34.

[70] This Court notes that the Supreme Court denied *certiorari* in *Rosenkrantz*. *Rosenkrantz v. California*, 538 U.S. 980 (2003) (Mem).  That denial, however, "imports no expression of opinion upon the merits of the case."  *Teague v. Lane*, 489 U.S. 288, 296 (1989) (quoting *United States v. Carver*, 260 U.S. 482, 490 (1923) (Holmes, J.) (internal quotation marks omitted) (O'Connor, J., with Chief Justice and two Justices concurring, and three Justices concurring in part and concurring in the judgment)).

Adams contends that the evidence he wishes to obtain through discovery will show that the amendment to § 3041.2 has had a substantial negative impact on California parole decisions in that 8 out of 10 inmates who have parole granted by the Board are reversed by the Governor. Adams argues that a law that results in the Governor reversing 80% of parole grants by the Board cannot be termed as either "neutral" or "procedural." The fatal flaw in Adams's argument is that the evidence he seeks to obtain and present to this Court does not provide any factual support that, *as applied to him*, § 3041.2 resulted in a longer period of incarceration. Even if Adams were to provide evidence sufficient to prove an anti-parole policy, he would not be eligible for habeas relief, because he has not shown he was subject to such a policy. To the contrary, the Governor's explanation for his reversal of the Board's decision demonstrates Adams received an individualized assessment of his suitability for parole. The Governor, in concluding that Adams was not suitable for parole, explained that he considered the specific nature of Adams's crime, his failure to accept full responsibility, and his lack of a residential placement or a job offer.[71] Based on the Governor's explanation, both the Superior Court and Court of Appeal determined that the Governor's decision to deny Adams parole was based on "some evidence." In sum, the evidence Adams seeks to discover will not show that he was denied parole on the basis of a general anti-parole or no-parole policy.

In light of *Garner*, *Morales*, *Mallett*, *Youngblood*, and *Johnson*, this Court cannot say that the decision of the Siskiyou County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an

---

[71] Docket No. 17-1, at 98-99.

unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[72]  Adams is not entitled to relief under his fourth ground.


## V.  CONCLUSION AND ORDER

Adams is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the motion to set a briefing schedule at Docket No. 20 is **DENIED**.

**IT IS FURTHER ORDERED THAT** Petitioner's request for discovery is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[73]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[74]

The Clerk of the Court is to enter judgment accordingly.

Dated:  September 28, 2011.

          /s/ James K. Singleton, Jr.
          JAMES K. SINGLETON, JR.
          United States District Judge

---

[72] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63,70-75 (2003) (explaining this standard).

[73] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's  resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[74] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.